WILLIAM PEARCE, PLAINTIFF, v. JOSEPH F. DOWNEY, DEFENDANT.

Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Samuel D. Williams.*

*Contra, Francis A. Gordon.*

PER CURIAM.

The plaintiff, while walking on the sidewalk of Adams street, in the city of Elizabeth, on the afternoon of October 16th, 1926, was struck down and injured by a car owned and driven by the defendant Downey immediately after it had collided with a car owned by the defendant Hurley. The plaintiff brought suit against both defendants, claiming that his injuries were the direct result of the joint negligence of the two. The jury exonerated Hurley, and awarded the plaintiff $25,000 as against Downey. The latter thereupon applied for and was allowed the present rule to show cause. The only ground upon which we are asked to make this rule absolute is that the verdict is excessive.

There is no doubt that the plaintiff was severely hurt. At the time of the accident he was a foreman cabinet-maker of the Central Railroad Company of New Jersey, receiving wages of $214 a month. He was not able to resume his work until sometime in July, 1927, and lost the wages which he would have earned during that period, amounting to some $1,750.

He returned to his work at the latter date at the same salary; and this salary was afterwards increased. In addition to his loss of wages, he was compelled to pay out for doctors' bills and other expenses made necessary by reason of his injuries some $900, making a total financial loss of about $2,680. Deducting these losses and expenditures from the amount of the jury's verdict, it is apparent that he was awarded between $22,000 and $23,000 as compensation for his pain and suffering and permanently impaired physical condition. There is no suggestion that this impaired condition at all interferes with his present earning capacity or will interfere with it in the future. In view of these facts, we are satisfied that, notwithstanding the severe character of the plaintiff's injuries, the contention of the defendant that the verdict is clearly excessive is entirely justified.

If the plaintiff will consent to a reduction of the amount of the award of the jury to $17,500, he may enter judgment for that amount. Otherwise, the rule to show cause will be made absolute.